# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 7** |
| NEW ENGLAND CONFECTIONERY ) | **(conversion pending)** |
| COMPANY, INC., ) | |
| ) | **Case No. 18-11217-MSH** |
| **Debtor.** ) | |
| ) | |

## MOTION BY DEBTOR FOR ENTRY OF
## AN ORDER FOR RELIEF AND TO CONVERT CASE TO CHAPTER 11 PURSUANT
## TO 11 U.S.C. §706(a) *nunc pro tunc* TO THE DATE OF THIS MOTION

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

The above-captioned debtor (the "Debtor") by this motion seeks the entry of an order for relief (the "Order for Relief") arising from the filing of the involuntary bankruptcy petition filed against it on April 3, 2018 (the "Involuntary Date") simultaneously with the conversion of the case *nunc pro tunc* to the date hereof to a case under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The Debtor requests emergency consideration of the relief requested herein so that it may preserve its assets for the benefit of its creditors.

This proceeding was initiated by the filing of an involuntary petition, pursuant to Section 303 of the Bankruptcy Code. The Debtor consents to the entry of an order in accordance therewith. The Debtor is entitled, pursuant to Section 706(a) of the Bankruptcy Code, to convert this case to a Chapter 11 proceeding and to act as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

Immediately prior to the Involuntary Date, the Debtor was in the process of working cooperatively with its secured creditors and a potential acquirer to initiate a state court receivership in order to facilitate the sale of substantially all of its assets and subsequently

winding down its affairs. That process was halted by the filing of the involuntary petition.

Conversion of this case to a Chapter 11 case will maximize the value of its assets through the resumption of the proposed sale process pursuant to Section 363 of the Bankruptcy Code. The Debtor has simultaneously herewith submitted motions seeking authority to (i) obtain post-petition debtor-in-possession financing, (ii) sell substantially all of the assets of the Debtor, and (iii) authorizing additional other relief that will allow for the continuing operations of the Debtor as a debtor-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

Given the efforts expended by the Debtor and its advisors to consummate the proposed sale prior to the Involuntary Date and the advanced stages of the proposed sale process, the Debtor is in well-positioned to continue these efforts as a debtor in possession.

Accordingly conversion of this case is warranted and in the best interests of the Debtor's estate. In further support of this motion, the Debtor hereby states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider and determine this motion pursuant to 28 § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On the Involuntary Date, three of the Debtor's trade vendors – Americraft Carton, Inc., Ungermans Packaging Solutions and Genpro, Inc. – filed an involuntary petition against the Debtor, seeking to have the Debtor placed into a Chapter 7 proceeding.

3. The Debtor has filed herewith a motion pursuant to Bankruptcy Code section

706(a) to convert this Case to a case administered under Chapter 11 of the Bankruptcy Code, following which it intends to operate its business and manage its property and assets as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108 upon the entering of an order for relief and the conversion of this Case.

4. No requests have been made for the appointment of a trustee or an examiner in this Case, and no official committee has yet to be appointed by the Office of the United States Trustee.

5. A detailed description of the Debtor and its businesses, and the facts and circumstances supporting this Motion, are set forth in greater detail in the Declaration of Michael McGee in support of the Debtor's various first day applications and motions (the "McGee Declaration"), filed with the Court concurrently herewith and incorporated herein by reference.

## RELIEF REQUESTED

6. Concurrently with the granting of this motion, the Debtor will consent to and requests that this Court enter an order for relief in accordance with Section 303(h) of the Bankruptcy Code (the "Order for Relief").  Upon the petition of three or more creditors with non-contingent claims, not otherwise subject to bona fide dispute, and unless such petition is timely controverted, an order for relief shall enter in an involuntary case. See, 11 U.S.C. §§303(a)(b) and (h).

7. For informational purposes, the Debtor has attached as Exhibit A hereto a pro forma copy of a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code that is akin to a Petition that would have been independently by the Debtor absent the filing of the involuntary petition.

8. Concurrently with the entering of the Order for Relief, the Debtor seeks to

exercise its right, pursuant to Section 706(a), to convert this case to a Chapter 11 case and serve as debtor-in-possession of its estate *nunc pro tunc* to the date hereof.

9. Pursuant to Section 706(a) of the Bankruptcy Code, a debtor *may, at any time*, convert its Chapter 7 case to a case under Chapter 11 so long as the case has not been previously converted pursuant to Sections 1112, 1208 or 1307. 11 U.S.C. §706(a).

10. The purpose of Section 706(a) is to provide the honest debtor a one-time right to pay its debts. *See Maramma v. Citizens Bank of Massachusetts, et al. (In re Marrama)*, 430 F.3d 474, 481, *aff'd* 548 U.S. 365, 127 S.Ct. 1105 (2007).

11. The relief granted by Section 706(a) may be conditioned only upon:

    a. The debtor's case not previously having been converted to a Chapter 7 proceeding;

    b. The debtor's ability to be a debtor under Chapter 11; and

    c. A showing of bad faith by the debtor

*See e.g., Marrama*, 548 U.S. at 370-374.

12. Conversion under Section 706(a) is considered a presumptive right conferred upon a debtor by the Bankruptcy Code, subject to certain de minimus conditions, even if such right is not absolute. See generally, Lawrence W. King, Collier on Bankruptcy ¶1017.05[1], at 1017-9 to 1017-10 (1998); In re Young, 269 B.R. 816 (Bankr. W.D. Mo. 2001).

13. The Order for Relief not having entered, this case has not been previously converted to a Chapter 7 case. The Debtor is qualified to be a debtor-in-possession under Chapter 11 of the Bankruptcy Code. The Debtor is not disqualified from its right to convert due to bad faith. Attached hereto as <u>Exhibit B</u> is a copy of a corporate resolution authorizing the relief requested in this motion.

14. Conversion of this case to a case under Chapter 11 is in the best interests of the Debtor's bankruptcy estate and its creditors because the Debtor's continued management of the business and its assets will maximize the value of its assets.

15. The Debtor requests that the relief be entered *nunc pro tunc* to the date of this motion to avoid any interim period between the close of the involuntary gap period and the start of the period of the under which the Debtor may exercise its rights as a debtor-in-possession under sections 1107(a) and 1108 and other applicable sections of the Bankruptcy Code.

16. Continuation of the Debtor's sale process in the context of a Chapter 11 proceeding is in the best interests of the Debtor's estate. The Debtor has agreed upon the terms of a basic sale agreement with the proposed buyer and the terms of such sale are further described in the sale motion filed contemporaneously herewith. As part of the proposed sale, the the Debtor and the proposed buyer intend to enter into a transition services agreement that would require the Debtor to remain operating during the pendency of such agreement. The failure to a convert to a proceeding under Chapter 11 would likely cause the proposed buyer to either withdraw its offer to purchase the Debtor's assets or to readjust the proposed purchase price, a component of which is paid at closing but a component of which is derived from a revenue split between Debtor and Buyer resulting from the services Debtor would be providing during its period of continuing operations pursuant to the TSA.

17. Additionally, the Debtor has reached an agreement with is senior secured lender to allow the use of cash collateral and to extend post-petition financing to the Debtor in order to allow it to continue its operations pending the consummation of the proposed sale. The continuation of the Debtor' involvement and management is crucial to the success of these substantial efforts aimed at maximizing the value of the Debtor's estate.

18.     For the foregoing reasons, granting the relief requested in this motion is appropriate and warranted.

## **NOTICE**

19.     Notice of this Motion shall be given to: (i) the Office of the United States Trustee for the District of Massachusetts; (ii) holders of the thirty (30) largest unsecured claims against the Debtor; (iii) the Debtor's senior secured pre-petition lender; (iv) all other secured or potentially secured creditors; (iv) all taxing authorities whom the Debtor believes may have, or may, assert claims against the Debtor or any of the Debtor's assets; (v) counsel to each of the petitioning creditors that are party to involuntary petition; and (vi) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, notice of this Motion and any order entered respecting this Motion will be served as required Bankruptcy Rule 2002 and MLBR 4001-2. The Debtor submits that under the circumstances, no other or further notice need be given.

**[Continued on next page]**

**WHEREFORE**, the Debtor respectfully requests that this Court, on an emergency basis,

(a) enter an Order for Relief pursuant to 11 U.S.C. §303(h),

(b) enter an order converting this case to a case under Chapter 11 of the Bankruptcy Code *nunc pro tunc* to the date of this Motion, and

(c) grant to the Debtor such other and further relief as the Court deems just and proper in the circumstances.

Respectfully Submitted,
NEW ENGLAND CONFECTIONERY
COMPANY, INC.,
By its proposed counsel,


/s/   Scott Moskol
**Scott H. Moskol (BBO #628323)**
**William V. Sopp (BBO #544625)**
**Tal M. Unrad (BBO #673498)**
**BURNS & LEVINSON LLP**
125 Summer Street
Boston, MA 02110
Phone: (617) 345-3000
Fax: (617) 345-3299
smoskol@burnslev.com
wsopp@burnslev.com
tunrad@burnslev.com

DATED: April 17, 2018