**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**NEW ENGLAND CONFECTIONERY COMPANY, INC.**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 18-11217** |

**ORDER ON TRUSTEE'S MOTION (A) TO APPROVE BIDDING PROCEDURES, NOTICE PROCEDURES, AND BREAKUP FEE IN CONNECTION WITH MOTION FOR ORDER APPROVING PRIVATE SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (B) TO AUTHORIZE TRUSTEE TO EFFECTUATE SALE PURSUANT TO TERMS OF ASSET PURCHASE AGREEMENT AS AMENDED, AND (C) FOR RELATED RELIEF**

Harold B. Murphy (the "Trustee"), the Chapter 11 trustee (the "Trustee") for New England Confectionery Company, Inc. (the "Debtor"), having filed his *Trustee's Motion (A) to Approve Bidding Procedures, Notice Procedures, and Breakup Fee in Connection with Motion for Order Approving Private Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (B) to Authorize Trustee to Effectuate Sale Pursuant to Terms of Asset Purchase Agreement as Amended, and (C) for Related Relief* (the "Bid Procedures Motion") [doc. no. 124] seeking the approval of bid procedures, notice procedures, and termination fee with respect to the Trustee's proposed sale of substantially all of the Debtor's assets; and the Court having considered the Bid Procedures Motion and all pleadings associated with that motion; and upon the arguments of counsel and the evidence presented at the hearing on the Bid Procedures Motion; and after due deliberation and sufficient cause therefore,

**THIS COURT HEREBY FINDS THAT**:

A. Capitalized terms not otherwise defined in this order shall have the meanings attributed to such terms in the Bid Procedures Motion.

B. This Court has jurisdiction over these bankruptcy cases pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1). Venue of the bankruptcy case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. On April 3, 2018 (the "Involuntary Date"), an involuntary petition pursuant to Chapter 7 of the Bankruptcy Code was filed against the Debtor.

D. On April 17, 2018 (the "Conversion Date"), the Debtor consented to the entry of an order for relief and filed a motion seeking to convert the case to one under Chapter 11 of the Bankruptcy Code.

E. On the Conversion Date, the Debtor filed its *Debtor's Motion for Order Approving Private Sale of Certain of Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests and Granting Related Relief* (the "Sale Motion") [docket no. 33]. The Sale Motion requested the authority to sell substantially all of the Debtor's assets (the "Purchased Assets") to CI-N Acquisition, LLC (the "Buyer").

F. The Debtor initially operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

G. On April 20, 2018, Harold B. Murphy was appointed Trustee.

H. The Trustee and the Buyer have agreed to proceed with the sale of the Purchased Assets, subject to certain modifications to the asset purchase agreement (as amended, the "APA").

    I.      The Trustee requests approval of certain bid procedures and sale notice requirements in connection with the proposed sale, as well as the approval of a termination fee payable to the Buyer should the Buyer not be the successful bidder.

    J.      Good and sufficient cause exists for the entry of this order.

**NOW THEREFORE,** it is **HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Bid Procedures Motion is hereby granted.

2. The following bidding procedures shall apply in connection with the proposed sale of the Purchased Assets (the "Sale"):

    a.    Competing bids may be submitted for: (i) the Purchased Assets in their entirety (an "Entireties Bid"), and/or (ii) one or more of the Product Lines or the Co-Generation Assets.

    b.    Any Entireties Bid shall be deemed to qualify as a competing bid (a "Competing Bid") only if: (1) the cash purchase price to be paid to Seller at closing is at least $13,961,900.18, which is equal to an amount $665,000 higher than the initial purchase price in the APA; and (2) the Competing Bid is accompanied by an executed asset purchase agreement substantially in the same form as the APA and made upon terms substantially similar to those set forth in the APA, except for modifications for the identity of the successful Competing Bidder and the increased consideration to be paid to Seller.

    c.    A bid for a Product Line shall be deemed to qualify as a Competing Bid only if such bid is in the minimum amount of $500,000 of cash to be paid to Seller at closing.

    d.    A bid for the Co-Generation Assets shall be deemed to qualify as a Competing Bid only if such bid is in the minimum amount of $500,000 of cash to be paid to Seller at closing.

    e.    A Competing Bid must contain a case caption as set forth above and be filed, in accordance with the applicable Federal and local Rules of Bankruptcy Procedure,[1] with the United States Bankruptcy Court for the District of Massachusetts, United States Courthouse, 5 Post Office Square, Boston, MA 02109, on or before 4:30

---

[1] Among the applicable provisions of the Local Rules of Bankruptcy Procedure is the restriction on facsimile filings pursuant to MLBR 5005-4.

      p.m. on May 18, 2018 (the "Bidding Deadline").  A Competing Bid must be served on counsel for the Trustee, Harold B. Murphy, Murphy & King, Professional Corporation, One Beacon Street, Boston, Massachusetts 02108; Counsel for Buyer, Douglas Gooding, Choate Hall & Stewart LLP, 2 International Place, Boston, MA 02110; John Fitzgerald, the Office of the United States Trustee, 5 Post Office Square, Boston, MA 02109; and Counsel to the Lender, Daniel Cohn, Murtha Cullina, LLP, 99 High Street, Boston, MA 02110 and Michael L. Bernstein, Arnold & Porter, 601 Massachusetts Ave NW, Washington, D.C. 20001.

f.      A Competing Bid must not be subject to contingencies for financing, the completion of due diligence or environmental contingencies.

g.      Any bidder submitting a Competing Bid must deliver a cash deposit (the "Deposit") to counsel for Seller at the time of submission of such bid that is equal to five percent (5%) of the cash value of the Competing Bid (upon delivery of such a Deposit, a "Competing Bidder").  The Deposit shall be in the form of a certified check or wire transfer, and must be received on or before Bidding Deadline.  The Deposit delivered by a Competing Bidder will be forfeited in the event that such Competing Bidder is the successful bidder, or one of several successful bidders, and fails to close on the sale through no fault of the Trustee.

h.      Any party submitting a Competing Bid shall demonstrate to Seller's satisfaction that: (1) it is financially able to consummate the transactions contemplated by the Competing Bid, which ability may be demonstrated by submission of bank statements, current audited or unaudited financial statements, or other reasonable evidence, or, if the bidder is an entity formed for the purpose of acquiring the assets in question, current audited or unaudited financial statements or other reasonable evidence of the financial capability of the equity holders of the bidder; (2) it is able to fulfill any remaining obligations under the respective asset purchase agreement; and (3) it has written evidence of a financing commitment sufficient to permit the consummation of the transactions in question.

i.      Subject to Court approval, the Trustee shall be authorized to sell the Debtor's assets to the second highest bidder(s) in the event that the successful bidder does not close the sale within the time prescribed;

j.      An auction for all or any part of the Purchased Assets shall be held only if (i) there is an Entireties Bid that is a Competing Bid at the Bid Deadline, or (ii) if at the Bid Deadline one or more Product Line bids and/or Co-Generation Asset bids constitute a Competing Bid and the aggregate cash purchase price to be paid to Seller at closing by all Competing Bids at the Bid Deadline for the individual Product Lines and the Co-Generation Asset is at least $11,200,000.00.  If no Auction is held because (x) at the Bid Deadline there is no Entireties Bid that is a Competing Bid, (y) at the Bid Deadline no Product Line bids or Co-Generation Asset bids constitute a Competing Bid, or (z) at the Bid Deadline the aggregate

4

        purchase price to be paid to Seller at closing by all Competing Bids for the individual Product Lines and the Co-Generation Asset is less than $11,200,000.00, then the Purchased Assets shall be sold to Buyer immediately after the Sale Hearing pursuant to the terms of the APA. Bidding at any auction for all or any part of the Purchased Assets shall be by open bid and shall conducted by the Court immediately prior to the Sale Hearing. Any bid by Buyer shall be credited with the Breakup Fee (defined below) by adding the Breakup Fee to the aggregate amount of any bid by Buyer when comparing it to other Competing Bids. When comparing bids, the Trustee shall not ascribe any value to any Purchased Assets that are not sold at the auction.

       k.     In the event the Buyer's bid is not approved by the court as the highest and best bid, the Buyer shall receive a breakup fee in an amount equal to $400,000.00 (the "Breakup Fee"). The Breakup Fee will be payable only from the proceeds of the closing of the respective alternative transaction, in immediately available funds, on the closing with the successful bidder.

       3.     Subject to the Bid Procedures, the Trustee and the Lender each reserve their respective rights on the issue of whether a bid constitutes the highest and best bid for the Purchased Assets.

       4.     The procedures for notice of the Sale proposed in the Bid Procedures Motion, as well as the proposed forms of notices attached to the Bid Procedures Motion, are approved. The Breakup Fee is approved.

       5.     Any objections to the Sale Motion must be filed with the United States Bankruptcy Court for the District of Massachusetts, 5 Post Office Square, Boston, Massachusetts 02109 by **May 18, 2018 at 4:30 p.m**.

       6.     A hearing on the Sale Motion (the "Sale Hearing") shall be held on **May 23, 2018 at 1:30 p.m.**, at the United States Bankruptcy Court for the District of Massachusetts, 5 Post Office Square, Boston, Massachusetts 02109.

7. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this order.

*/s/ Melvin S. Hoffman*
_____
Honorable Melvin S. Hoffman
Chief United States Bankruptcy Judge

Dated: May 2nd, 2018

742438