# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: <br> NEW ENGLAND CONFECTIONERY <br> COMPANY, INC. <br><br> Debtor. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 18-11217-MSH |

**COMPETING BID AND COUNTEROFFFER TO PURCHASE ASSETS -
INDIVIDUAL PRODUCT LINE:  NECCO WAFERS**

This Competing Bid and Counteroffer to Purchase Assets (Individual Product Line: NECCO Wafers) is dated as of May 18, 2018 and is submitted by Melville Candy Corporation, a Massachusetts corporation with a principal place of business at 28 York Avenue, Randolph, MA 02368 ("**Melville**") to Harold B. Murphy, in his capacity as Chapter 11 Trustee (the "**Trustee**") of New England Confectionery Company, Inc., a Delaware corporation, the debtor in *In re New England Confectionery Company, Inc.* (the "**Debtor**") , Chapter 11 Case No. 18-11217-MSH (the "**Bankruptcy Case**"), currently pending in the United States Bankruptcy Court for the District of Massachusetts (the "**Bankruptcy Court**").

ARTICLE I
COUNTEROFFER TO PURCHASE PRODUCT LINE

Section 1.1    Definition.  The assets, properties, and rights that are the subject of this Competing Bid and Counteroffer to Purchase Assets-Individual Product Line: NECCO Wafers(hereinafter referred to as the "**Competing Bid for Product Line**"), are sometimes hereinafter collectively referred to as the "**NECCO Wafers Product Line Assets**," and the Competing Bidder's purchase of the NECCO Wafers Product Line Assets pursuant to and as contemplated by this Agreement shall be referred to herein as the "**Transaction**." This **Competing Bid for Product Line** is made in accordance with the terms of the Chapter 11 Trustee's *Amended Notice of (1) Intent to Sell Assets by Private Sale Free and Clear of Liens, Claims, Encumbrances, and Interests (2) Deadlines for Submitting Counteroffers and Objections, and (3) Hearing Date* [Docket No. 127].

Section 1.2    Description of Assets to be Acquired.  Upon the terms and subject to the conditions set forth in this Agreement, on the Closing Date (as defined below), if the Competing Bid is accepted and approved by the Trustee and the Bankruptcy Court, the Trustee agrees to convey, sell, transfer, assign, and deliver to Melville, and Melville shall purchase, all rights, title, and interest of Debtor as of the Closing Date in the NECCO Wafers Product Line Assets including the following categories of assets with respect to such Product Line:

(a)    raw materials, work-in-process, and finished goods and other items of inventory for the NECCO Wafers Product Line;

1

(b)    machinery, equipment, tools, molds dies, and related items used at the work stations to manufacture the NECCO Wafers Product Line;

(c)    patents, trademarks, tradenames, trade secrets and related intellectual property for the NECCO Wafers Product Line;

(d)    manufacturer and other warranties;

(e)    licenses, permits, and other certificates;

(f)    manuals, instructions and other document's;

(g)    If available as a category of assets that may be included in the Transaction, the NECCO Wafers Product Line sales history and customer lists with accounts receivable history, open customer contracts and any deposits received for open contracts or customer orders, purchase and sale orders, customer backlog, and customer prospect lists, and all "goodwill" associated with the NECCO Wafers Product Line Business, including all packaging materials.

Melville shall not assume or in any way be responsible for any obligations or liabilities of the Debtor or any of its Affiliates (whether or not disclosed) of any kind. The sale shall be free and clear of all liens, claims, encumbrances, and interests pursuant to 11 U.S.C. §363(f) at the time of the transfer to Melville. At the Closing, Melville will acquire from the Trustee good and marketable title to the NECCO Wafers Product Line Assets. Melville shall have the right in its sole discretion to abandon any of the N NECCO Wafers Product Line Assets at any time and Melville shall have no obligation under this offer or otherwise to the Trustee with respect to any of the NECCO Wafers Product Line Assets that are abandoned by Melville, provided that the Trustee shall have the right to remove from any location any of the NECCO Wafers Product Line Assets abandoned by Melville.

ARTICLE II
OFFER/PURCHASE PRICE

Section 2.1    Consideration. Upon the terms and subject to the conditions contained in this Agreement, in consideration for the NECCO Wafers Product Line and in full payment therefor Melville will pay, or cause to be paid, the Purchase Price set forth in Section 2.2 to the Trustee.

Section 2.2    Offer/ Purchase Price. The purchase price ("**Purchase Price**") offered to be paid or payable by Melville for the NECCO Wafers Product Line Assets is Five Hundred Thousand ($500,000) Dollars. Melville has or shall have delivered with this Competing Bid for Product Line prior to the Counteroffer Deadline an upfront deposit equal to five (5%) percent of the Purchase Price or Offer, i.e. Twenty Five Thousand ($25,000) Dollars (the "**Deposit**"), which shall be applied to the Purchase Price if the Competing Bid is accepted.

ARTICLE III
CLOSING

Section 3.1    Closing. The Transaction contemplated hereby shall take place at a closing (the "**Closing**") to be held remotely by the electronic exchange of documents and signatures (or at such location as the parties may designate in writing), after the entry by the Bankruptcy Court of the Sale Approval Order and provided that any conditions to the Closing specified herein shall have been satisfied or waived, on or before May 25, 2018, or such other date as may be agreed to in writing by the Trustee and Melville (the "**Closing Date**").

Section 3.2    Deliveries at Closing.

(a)    At or before the Closing, the Trustee shall have executed and delivered to Melville a Bill of Sale, in a form reasonably acceptable to Melville (the "**Bill of Sale**"), reflecting the Trustee's transfer of the NECCO Wafers Product Line Assets to Melville free and clear of all liens, claims, encumbrances, and interests.

(b)    At or before the Closing, the Trustee shall have delivered to Melville all certificates of title and other documentation necessary to convey title to the equipment and intellectual property included in the NECCO Wafers Product Line Assets, duly endorsed and in a form suitable for transfer to Purchaser.

(c)    At or after the Closing, each party shall each prepare, execute, and deliver, at the preparer's expense, such further instruments of conveyance, sale, assignment, or transfer, and shall take or cause to be taken such other or further action, as any party shall reasonably request of any other party at any time or from time to time in order to perfect, confirm, or evidence in Melville title to all or any part of the NECCO WafersProduct Line Assets or to consummate, in any other manner, the Transaction.

## ARTICLE IV
## CONDITIONS PRECEDENT TO TRANSACTION

4.1    This Competing Bid for Product Line and offer is conditioned upon the Bankruptcy Court having entered an order approving the sale of the NECCO Wafers Product Line Assets to Melville prior to the Closing in a form reasonably acceptable to Melville, which Sale Approval Order shall not have been stayed (under Bankruptcy Rule 6004 or otherwise), vacated or reversed (in whole or in part) (the "**Sale Approval Order**").

4.2    The consummation of the Transactions contemplated by this Competing Bid for Product Line and offer shall not violate any order, decree or judgment of the Bankruptcy Court or any other court or governmental body having competent jurisdiction.

4.3    This Competing Bid for Product Line and offer is also made in reliance upon the accuracy of information that has been provided by the Trustee, and by the Trustee's agent, Threadstone Advisors, LP, concerning the type, quantity, condition, location (and such similar matters) of the NECCO Wafers Product Line Assets; such information must be sufficiently and reasonably accurate to the minimum extent that a reasonable and prudent businessperson could rely on the information in conducting his or her own business affairs. If such information is not accurate to the minimum requisite extent, offeror reserves the right to withdraw or modify this offer without prejudice.

## ARTICLE V

TERMINATION

The offer set forth in this Competing Bid for Product Line, and the Transaction contemplated hereby, may be terminated:

(a) by the mutual written consent of Melville and the Trustee;

(b) by the Trustee, if Melville shall have breached or failed to perform any of its obligations, covenants or agreements under this offer and such breach or failure is not cured to the Trustee's reasonable satisfaction within three (3) days after Melville is provided notice of such breach or failure;

(c) by Melville, if the Trustee shall have breached any of his obligations, covenants, or agreements under this offer upon its acceptance and such breach or failure is not cured to Melville's reasonable satisfaction within three (3) days after the Trustee is provided notice of such breach or failure;

(d) by Melville, (i) if the Sale Approval Order is not entered by the Bankruptcy Court on or before May 23, 2018, or (ii) the Sale Approval Order has been entered by the Bankruptcy Court on or before May 23, 2018 but the Closing Date shall not have occurred on or before May 25, 2018 or, in each case, such other date, if any, as Melville and the Trustee may agree to in writing; and

(e) Automatically, if the Trustee accepts a bid for any of the NECCO Wafers Product Line Assets and/or the Bankruptcy Court enters an order authorizing the sale of any of the NECCO Wafers Product Line Assets, to a purchaser or purchasers other than Melville.

In the event that this Competing Bid for the NECCO Wafers Product Line Assets is not accepted by the Trustee or is terminated for any reason other than the fault of Melville, the Deposit shall be returned to Melville within three business days of Melville's written request to the Trustee for the return of the Deposit. At any Closing of the Transaction, the Deposit shall be credited against the balance of the purchase price for the NECCO Wafers Product Line Assets to be paid by Melville at Closing.

IN WITNESS WHEREOF, Melville hereby submits this Competing Bid for Product Line and offer to purchase the NECCO Wafers Product Line Assets as of the day and year first above written.

MELVILLE
(COMPETING BIDDER):   MELVILLE CANDY CORPORATION

By: _____
Joseph Melville, Treasurer

4