**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: <br><br> NEW ENGLAND CONFECTIONARY, COMPANY, INC. <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-11217-MSH |

**MOTION TO ENFORCE THE ORDER ON TRUSTEE'S MOTION (A) TO APPROVE BIDDING PROCEDURES, NOTICE PROCEDURES, AND BREAKUP FEE IN CONNECTION WITH MOTION FOR ORDER APPROVING PRIVATE SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (B) TO AUTHORIZE TRUSTEE TO EFFECTUATE SALE PURSUANT TO TERMS OF ASSET PURCHASE AGREEMENT AS AMENDED, AND (C) FOR RELATED RELIEF**

**(REQUEST FOR EMERGENCY DETERMINATION)**

CI-N Acquisition LLC ("CI-N"), in its capacity as stalking-horse bidder pursuant to that certain asset purchase agreement (the "APA")[1] by and between the above-captioned Debtor and CI-N, hereby seeks, pursuant to Massachusetts Local Bankruptcy Rule 9013-1, an emergency determination on this Motion to Enforce (the "Motion") the *Order on Trustee's Motion (A) to Approve Bidding Procedures, Notice Procedures, and Breakup Fee in Connection with Motion for Order Approving Private Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (B) to Authorize Trustee to Effectuate Sale Pursuant to Terms of Asset Purchase Agreement as Amended, and (C) for Related Relief* [Docket No. 131] (the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Trustee's Motion (A) to Approve Bidding Procedures, Notice Procedures, and Breakup Fee in Connection with Motion for Order Approving Private Sale of Substantially All Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (B) to Authorize Trustee to Effectuate Sale Pursuant to Terms of Asset Purchase Agreement as Amended, and (C) for Related Relief* [Docket No. 124] (the "Bidding Procedures Motion").

8671919

"Bidding Procedures Order"), attached hereto as Exhibit A. In support hereof, CI-N respectfully states as follows:

**PRELIMINARY STATEMENT**

1. CI-N, the stalking horse for the sale of substantially all of the Debtor's assets, files this Motion to request that the Court enforce the plain terms of its Bidding Procedures Order. Prior to the occurrence of the bid deadline, three (3) bidders other than CI-N submitted bids for substantially all of the Debtor's assets. Two of those bids qualify as Competing Bids because they (1) provide for a cash purchase price that exceeds the current cash purchase price offered by CI-N in the APA; and (2) were accompanied by asset purchase agreements that were submitted in substantially the same form as the APA that serves as the basis of the stalking horse bid (collectively, the "Bid Requirements").

2. One of those bids, however, does not qualify as a Competing Bid. The bid submitted by Round Hill Investments LLC ("Round Hill") varies materially from the APA, notwithstanding that the Bidding Procedures Order provides that a bidder will only be deemed to have submitted Competing Bids (and thus eligible to participate in the Auction) to the extent they satisfy the Bid Requirements.

3. The Bidding Procedures Order contemplates that bidders who submit a Competing Bid will modify the form asset purchase agreement by revising the name of the buyer and the cash purchase price. However, Round Hill has submitted an asset purchase agreement that completely revises the structure of the bids. Among other changes to the form asset purchase agreement, Round Hill has completely eliminated the concept of sharing the proceeds of asset sales with the Debtor. Absent this material provision, the four (4) bids that have been

submitted for substantially all of the Debtor's assets cannot be compared against each other on a fair and impartial basis.

4. The Trustee proposed – and the Court approved – a narrowly tailored set of bidding procedures designed to create a transparent and fair process for selling the Debtor's assets. Now, the Trustee is seeking to bend the rules to accommodate a non-conforming bid. This is fundamentally unfair, not only to CI-N, but to the other two bidders who submitted Competing Bids.[2] The First Circuit Court of Appeals has explained that "[i]t is important that the bidder receive what he had reason to expect, and that nothing impair public confidence in the regularity of judicial sales." *In re Gil-Bern Indus., Inc.*, 526 F.2d 627, 628 (1st Cir. 1975).

## JURISDICTION

5. The Court has subject matter jurisdiction to consider the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 105 of title 11 of the United States Code (the "Bankruptcy Code").

## RELIEF REQUESTED

6. By this Motion, CI-N seeks an emergency determination that the bid submitted by Round Hill is not a Competing Bid.

## BASIS FOR REQUEST FOR EMERGENCY DETERMINATION

7. On April 3, 2018 (the "Petition Date"), certain creditors commenced an involuntary bankruptcy petition against the Debtor. On April 19, 2018, the Court entered an

---

[2] According to a Boston Globe article, dated May 21, 2018, the Trustee has indicated that the bidding likely will start with the Round Hill bid. See "Three New Bidders Are Sweet On Acquiring Necco", attached hereto as Exhibit B.

- 3 -

Order [Docket No. 58] converting the Chapter 7 case to a case under Chapter 11 of the Bankruptcy Code. On April 20, 2018, Harold B. Murphy was appointed Chapter 11 Trustee.

8.  On May 2, 2018, the Trustee filed the Bidding Procedures Motion. On May 2, 2018, the Court entered the Bidding Procedures Order [Docket No. 124].

9.  The Bidding Procedures Order provides, among other things, that any Entireties Bid shall be deemed to qualify as a Competing Bid if such bid is accompanied by an executed asset purchase agreement "substantially in the same form as the APA and made upon terms substantially similar to those set forth in the APA, except for modifications for the identity of the successful Competing Bidder and the increased consideration to be paid to Seller". Additionally, pursuant to the Bidding Procedures Order, the Court scheduled an Auction and Sale Hearing for May 23, 2018.

10.  On Friday, May 18, 2018, prior to the bid deadline set forth in the Bidding Procedures Order, a competing Entireties Bid was submitted by each of Spangler Candy Company ("Spangler") [Docket No. 173], kgbdeals Shopping, Inc. ("KGB") [Docket No. 177] and Round Hill [Docket No. 182][3].

11.  Each of the Spangler and KGB bids are substantially similar to the APA given that each preserves the APA's sharing structure following the sale of the purchased assets. The only changes made to the APA's sharing structure under the Spangler bid was to lower the first trigger of the sharing threshold from $15,546,900.20 to $13,296,900.18, and the KGB bid sets a deadline under which the sharing concept would commence. The Round Hill bid, however, eliminates the APA's sharing concept entirely. Further, the Round Hill bid contemplates a post-

---

[3]  Two additional competing Product line bids were also filed on May 18, 2018; however, such bids did not qualify as Competing Bids as they did not exceed the $11,200,000 aggregate threshold as required by the Bidding Procedures Order.

closing assumption of certain unidentified contracts which is not contemplated by the terms of the APA.

12. After the Spangler, KGB and Round Hill bids were filed, counsel to CI-N engaged counsel to the Trustee concerning the relief requested by this Motion. As of the filing of this Motion, the Trustee has rejected CI-N's interpretation of the Bidding Procedures Order and, in fact, has represented that it intends to move forward with Round Hill's non-conforming bid.[4] Accordingly, CI-N files this Motion on an emergency basis so that the Court can make a determination as to the relief requested herein before the Auction scheduled for May 23 begins.

## ARGUMENT

### I. The Bankruptcy Code And The Terms Of The Bidding Procedures Order Authorize This Court To Enforce The Bidding Procedures Order.

13. This Court has inherent authority to enforce its own Orders. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly [has] jurisdiction to interpret and enforce its own prior orders."); *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 325 (Bankr. D. Del. 1999) ("It is axiomatic that a court possess the inherent authority to enforce its own orders."). This power is expressly codified in Bankruptcy Code Section 105. *See Joubert v. ABN Mortg. Grp., Inc. (In re Joubert)*, 411 F.3d 452, 455 (3d Cir. 2005).

14. Furthermore, under the Bidding Procedures Order, the "Court shall retain jurisdiction over any matters related to or arising from implementation of this order." Bidding Procedures Order, ¶ 7.

---

[4] A blackline comparison showing changes between the Round Hill bid and the APA is attached hereto as <u>Exhibit C</u>.

**II. The Bidding Procedures Order Should Be Enforced By Its Own Terms To Preserve The Integrity Of Bankruptcy Sales.**

15. CI-N is not requesting that the Court rewrite the Bidding Procedures Order, that it renegotiate the APA to grant new rights to CI-N, or even that it grant CI-N a liberal reading of the Bidding Procedures Order to favor its position. On the contrary, CI-N is requesting only that the Court look to the four corners of the Bidding Procedures Order and enforce the plain meaning of the terms contained therein. Such enforcement is especially appropriate where the First Circuit Court of Appeals has instructed courts to preserve the integrity of bankruptcy sales. *See Gil-Bern Indus.*, 526 F.2d at 628.

16. The purpose of establishing court-approved bidding procedures is to establish a fair, equitable and level playing field that promotes competitive bidding. *See In re Jon J. Peterson, Inc.*, 411 B.R. 131, 137-38 (Bankr. W.D.N.Y. 2009) (recognizing that "fair and equitable" bidding process is "needed to assure bids for the highest reasonable value"); *In re Fin. News Network, Inc.*, 126 B.R. 152, 156 (S.D.N.Y. 1991) (noting "considerable support for the proposition that court-imposed rules for the disposition of assets are to be enforced strictly in order to provide an adequate basis for comparison of offers, and to provide for an fair and efficient resolution of bankrupt estates"); *see also J.J. Sugarman Co. v. Davis*, 203 F.2d 931, 932 (10th Cir. 1953) ("It is well established by a unanimous line of decisions that the integrity of judicial sales must be protected.")

17. Courts within this Circuit have explained "there is a strong public interest in preserving the integrity of bankruptcy sales and upholding contracts approved by the Court." *Aerovox, Inc. v. Parallax Power Components, LLC*, 281 B.R. 419, 438 (Bankr. D. Mass. 2002) (citing *Gil-Bern Indus.*, 526 F.2d at 628) (explaining that "[i]t is important that the bidder receive what he had reason to expect, and that nothing impair public confidence in the regularity

of judicial sales."). The First Circuit, in reversing the lower courts' orders allowing a debtor to reopen bidding to receive a bid with a higher purchase price, explained the importance of protecting the integrity of the sale process thusly:

> It might not only be thought improper for a bankruptcy court to proceed in an irregular fashion merely to gain a few extra dollars in one case, but in the long run such a practice would be penny wise and pound foolish. Creditors in general would suffer if unpredictability discouraged bidders altogether. At the least such practices might encourage low formal bids.

*Gil-Bern Indus.*, 526 F.2d at 629; *see In re Bigler, LP*, 443 B.R. 101 (Bankr. S.D. Tex. 2010) (recognizing a split in authority over the issue of whether a bankruptcy court abuses its discretion by disregarding the restrictions imposed by bidding procedures and choosing to adopt the First Circuit's position articulated in *Gil-Bern Industries*).

18. Courts have held that failure to comply with court-approved bidding procedures will constitute ample grounds for disqualifying a bidder from participating in an auction. *See, e.g.*, *Natural Chem. Holdings, LLC v. U.S. Dep't of Energy (In re New Energy Corp.)*, No. 3:13-CV-205, 2013 U.S. Dist. LEXIS 40008, at *7 (N.D. Ind. Mar. 22, 2013) (affirming bankruptcy court's decision to disqualify bidder and find it lacked standing to challenge sale order where bidder failed to deliver full amount of deposit and did not submit a conforming asset purchase agreement); *Green v. Gray*, No. 12-10604-DJC, 2013 U.S. Dist. LEXIS 38640, at *5 (Mar. 18, 2013) (disqualifying bidder whose bid did not comport with the bidding procedures order; *Official Comm. of Unsecured Creditors v. Belgravia Paper Co. (In re Great Northern Paper, Inc.)*, 299 B.R. 1, 5 (D. Me. 2003) (disqualifying bidder who sought to bid after the bid deadline and "arguably did not qualify for other reasons").

19. Round Hill should be disqualified from participating in the Auction because it failed to submit a "substantially similar" bid that qualifies as a Competing Bid. When this Court entered the Bidding Procedures Order, it expressly ordered that an Entireties Bid would only be

deemed a Competing Bid if (1) it offered a cash purchase price exceeding the cash purchase price in the APA by at least $665,000 **and** (2) the Competing Bid is accompanied by an executed asset purchase agreement "substantially in the same form as the APA and made upon terms substantially similar to those set forth in the APA, *except* for modifications to the identity of the successful Competing Bidder and the increased consideration to be paid to Seller." Bidding Procedures Order, at ¶ 2(b) (emphasis added).

20. The purpose of the Bidding Procedures Order is to ensure a fair process and to enable the Court and Parties in interest to evaluate bids on an "apples to apples" basis at the Auction. Round Hill's unilateral decision to ignore this Court's Bidding Procedures Order frustrates an "apples to apples" comparison of the bids.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, CI-N respectfully requests that the Court (A) enforce the Bidding Procedures Order by determining that the Round Hill bid is not a Competing Bid as set forth herein and (B) grant such other and further relief as the Court deems just and proper.

Dated: May 22, 2018  
Boston, Massachusetts

**CHOATE, HALL & STEWART LLP**

/s/ Douglas R. Gooding  
Douglas R. Gooding, Esq. (BBO #558976)  
Jonathan D. Marshall, Esq. (BBO #680723)  
Two International Place  
Boston, MA 02110  
Tel: (617) 248-5000  
Fax: (617) 248-4000  
Email: DGooding@choate.com  
         JMarshall@choate.com

*Counsel for CI-N Acquisition LLC*