**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND CONFECTIONERY COMPANY, INC.<br><br>　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 18-11217 (MSH) |

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO JOINT MOTION TO EXTEND
OBJECTION DEADLINE TO AUGUST 31, 2018**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned bankruptcy case of New England Confectionery Company, Inc. (the "Debtor"), by and though its undersigned counsel, Sheehan Phinney Bass & Green PA, hereby makes this limited objection to the Joint Motion to Extend Objection Deadline to August 31, 2018 dated August 2, 2018 [Docket No.409] (the "Motion").  By the Motion, the Chapter 11 Trustee and ACAS, LLC (the "Lender") have moved to make the necessary modification to the Financing Order of May 3, 2018 [Doc. 133] to extend the Objection Date[1] from August 17, 2018 to August 31, 2018 because the scheduling of certain depositions could not be coordinated sufficiently in advance of August 17, 2018.  The Committee supports the extension of the Objection Date.  However, the Committee requests that the Financing Order be further modified such that the extended Objection Date and right to Challenge apply equally to the Chapter 11 Trustee and the Committee.  The Lender has opposed this requested modification notwithstanding that the Committee was formed subsequent to the entry of the Financing Order.  In support of this

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed in the Financing Order.

{S1207503.1}

Objection, the Committee respectfully states as follows:

## BACKGROUND

1.  On April 3, 2018, certain creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court [Docket No. 1].

2.  On April 17, 2018, the Debtor filed a motion to convert its case to a case under Chapter 11 of the Bankruptcy Code [Docket No. 18] (the "Motion to Convert").

3.  On April 19, 2018, the Court held a hearing on the Debtor's various first-day motions, including the Motion to Convert. The Court granted the Motion to Convert and, upon oral motion of the United States Trustee, ordered the appointment of a Chapter 11 trustee [Docket Nos. 58, 59]. Harold B. Murphy (the "Trustee") was subsequently appointed the Chapter 11 Trustee [Docket No. 69].

4.  On May 3, 2018, the Financing Order was entered. The Financing Order established a Challenge process and Objection Date. For purposes of the Motion and this Objection, the pertinent paragraph of the Financing Order states:

> The Debtor's Stipulations shall be binding on all parties-in-interest, including, without limitation, any Committee appointed in the above-captioned chapter 11 case, the Chapter 11 Trustee, and any other trustee of the Debtor's Estate in this case (or in any successor case, including any chapter 7 case to which this case may be converted), except for such of the Debtor's Stipulations as are the subject of a challenge asserted by the Chapter 11 Trustee through the filing of appropriate pleadings commencing appropriate proceedings (a "Challenge") by not later than August 17, 2018 ("Objection Date"). Thereafter, neither the Chapter 11 Trustee (except to the extent of any timely and properly filed Challenge) nor any other party-in-interest may challenge the liens or claims of Lender, or seek to disallow, subordinate, recharacterize or otherwise contest the liens or claims of Lender or commence or prosecute any other claims or causes of action in any way related to the Debtor against Lender and Affiliates (as defined below), or take any other action that is inconsistent with the Debtor's Stipulations.

{S1207503.1}   2

Financing Order, ¶4.

5. Subsequent to the entry of the Financing Order, on May 10, 2018, the Office of the United States Trustee filed the Appointment of the Official Committee of Unsecured Creditors [Docket No. 149] and appointed the Committee pursuant to Section 1102(a) of the Bankruptcy Code.

6. As noted above, the Financing Order contemplated the formation of the Committee, and the Challenge period was intended to foreclose any challenge of the Lender by the Committee if not made on or before the Objection Date. Indeed, the Financing Order provides that "neither the Chapter 11 Trustee … nor any other party-in-interest may challenge the liens or claims of Lender" upon the passing of the Objection Date. Financing Order, ¶4.

7. Given that a broad release of the Lender might arguably apply to the Committee if a Challenge is not made on or before the Objection Date and that the Committee was not even formed at the time the Financing Order was entered, the Committee requested that the Financing Order be clarified to provide that the Committee has the same extended Objection Date to commence a Challenge as granted the Chapter 11 Trustee.

8. The Lender declined to make the requested modification to the Financing Order. Instead, the Lender concedes that that the Financing Order contemplated the future formation of the Committee, but then also asserts that the Financing Order removed any right such Committee would have to bring a Challenge and that a broad release in favor of the Lender would apply against the Committee despite having been given no opportunity to Challenge or even oppose the Financing Order. The Lender maintains that despite the fact that the Debtor's Stipulations are made "without prejudice to the Chapter 11 Trustee and any other party (but subject to the

Objection Date and limitations set forth below," Financing Order, ¶3, that only the Chapter 11 Trustee has the standing to bring a Challenge.

9. The Committee was appointed by the United States Trustee and has powers and duties to those that it represents as provided in Section 1103 of the Bankruptcy Code. While the Committee may be aligned in many instances with the Chapter 11 Trustee, it should not be precluded from bringing a Challenge merely because the Financing Order was entered prior to its formation.

WHEREFORE, the Committee requests that the Court:

A. Modify the Financing Order such that the Committee has the same extended Objection Date to commence a Challenge as granted the Chapter 11 Trustee by the Motion; and

B. Grant such other relief as is just and proper.

Dated: August 2, 2018

Respectfully Submitted,

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By its attorneys,

/s/ Christopher M. Candon
Christopher M. Candon (BBO# 650855)
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA 02109
Tel.: 603-668-0300
Fax: 603-627-8121
E-mail: ccandon@sheehan.com

*Counsel to the Official Committee
of Unsecured Creditors*

{S1207503.1}    4

## CERTIFICATE OF SERVICE

I, Christopher M. Candon, hereby certify on this date, I caused a copy of the foregoing to be served by the Court's CM/ECF System upon all parties entitled to notice thereunder.

Dated:  August 2, 2018

                                    /s/ Christopher M. Candon
                                    Christopher M. Candon