**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND CONFECTIONERY COMPANY, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11217-MSH |

**REPORT AND HEARING AGENDA REGARDING
FIRST OMNIBUS OBJECTION TO CLAIMS BY CHAPTER 7 TRUSTEE**

Harold B. Murphy, the Chapter 7 trustee (the "**Trustee**") of New England Confectionery Company, Inc. (the "**Debtor**") respectfully submits this report and hearing agenda with respect to the *First Omnibus Objection to Claims by Chapter 7 Trustee* [docket no. 854] (the "**Omnibus Objection**") scheduled for hearing on May 4, 2021 at 10:00 a.m. and states as follows:

1. On March 17, 2021, the Court entered an order authorizing the Trustee to file the Omnibus Objection and approving a form of notice to holders of claims identified in the Omnibus Objection [docket no. 852].

2. On March 19, 2021, the Trustee filed the Omnibus Objection, objecting to the allowance of the following twenty-four (24) asserted claims against the Debtor (as set forth below, the "**Disputed Claims**"):

- ADDCO INCORPORATED [Claim No. 133];
- Aramark Uniform & Career Apparel [Claim No. 124];
- Carlin O'Brien, Inc. [Claim No. 180];
- Co-Sales Northern Calif. [Claim No. 14];

- Crown Equipment Corporation [Claim No. 93];

- Customized Energy Solutions [Claim No. 145];

- Dillon Boiler Services Co., Inc. [Claim No. 163];

- Dynamic Packaging [Claim No. 57];

- Great Northern Insurance Co. [Claim No. 117];

- Hockenburg Newburgh Sales and Marking [Claim No. 27];

- Industrial Silo Source Inc. [Claim No. 27];

- Internal Revenue Service [Claim No. 51];

- International Assoc. of Machinists [Claim No. 142];

- Interstate Container Lowell, LLC [Claim No. 64];

- Kraft Power Corp. [Claim No. 25];

- Mancini Sales & Marketing [Claim No. 3];

- McIntosh Box & Pallet Co. Inc. [Claim No. 90];

- McIntosh Box & Pallet Co. Inc. [Claim No. 164];

- Michael J. Kelley [Claim No. 91];

- New England Sugars LLC [Claim No. 86];

- Northland Industrial Truck [Claim No. 150];

- Sixto Packaging Managing Agent [Claim No. 129];

- US Department of Labor – OSHA [Claim No. 171]; and

- US Department of Labor – OSHA [Claim No. 185].

Attached as Schedule 1 to the Omnibus Objection is an alphabetical listing of the Disputed Claims, the basis for the Trustee's objection (identified by an Objection Code), and the proposed allowed amounts and priority of each such claim.

3. The Trustee served the Omnibus Objection and the notice of the Omnibus Objection approved by the Court on holders of Disputed Claims by first class mail and by electronic mail at the addresses on the proofs of claim filed by holders of Disputed Claims [docket nos. 856, 857].

4. Also on March 19, 2021, the Court entered an order and notice setting a non-evidentiary video hearing on the Omnibus Objection for May 4, 2021 and establishing a deadline of May 4, 2021 to respond to the Omnibus Objection [docket no. 858], which the Trustee served by first class mail and by electronic mail on April 22, 2021 [docket no. 862].

**OBJECTIONS TO DISPUTED CLAIMS TO WHICH THE TRUSTEE RECEIVED A RESPONSE**

5. Interstate Container Lowell LLC [Claim No. 64]. The holder of disputed Claim No. 64 ("**Interstate**") filed a response to the Omnibus Objection [docket no. 853]. The Trustee has an agreement in principle with Interstate to resolve the objection to this Disputed Claim and the disputes between the Trustee and Interstate in a related adversary proceeding [adv. proc. No. 1040]. The Trustee expects to shortly finalize and file a settlement agreement and motion to approve such agreement pursuant to Fed.R.Bankr.P. 9019.

**PROPOSED DISPOSITION:** Continue the hearing on this Disputed Claim generally.

6. McIntosh Box & Pallet Co., Inc. [Claim Nos. 90 and 164]. The holder of Disputed Claims No. 90 and 164 ("**McIntosh**") has agreed that Disputed Claim No. 164 is duplicative and should be disallowed as set forth in the Omnibus Objection. McIntosh has provided the Trustee with additional documentation in support of Disputed Claim No. 90 and the

Trustee has agreed that Disputed Claim No. 90 should be allowed as a non-priority unsecured claim in the amount of $19,243.90.

**PROPOSED DISPOSITION:** Disallow and expunge Claim No. 164 as duplicative and allow Claim No. 90 as a non-priority unsecured claim in the amount of $19,243.90 in accordance with the proposed order submitted with this report.

7.  <u>Industrial Silo Source Inc</u>. [Claim No. 66]. The holder of Disputed Claim No. 66 has agreed that Claim No. 66 should be allowed as a non-priority unsecured claim in the reduced amount of $29,172.66 as set forth in the Omnibus Objection.

**PROPOSED DISPOSITION:** Allow Claim No. 66 as a non-priority unsecured claim in the amount of $29,172.66 in accordance with the proposed order submitted with this report.

8.  The holders of the following Disputed Claims contacted the Trustee and have provided the Trustee with additional information with respect to their Disputed Claims: <u>Aramark Uniform & Career Apparel</u> [Claim No. 124], <u>Crown Equipment Corporation</u> [Claim No. 93], <u>International Association of Machinists</u> [Claim No. 142], <u>Kraft Power Corp</u>. [Claim No. 25], <u>New England Sugars</u> [Claim No. 86], and <u>Carlin O'Brien, Inc</u>. [Claim No. 180]. The hearing on the Disputed Claim No. 180 has been continued to May 25, 2021 [docket no. 877]. On April 28, 2021, the Court entered an order granting the Trustee's assented to motion to continue the hearing on Disputed Claim Nos. 25, 86, 93, 124 and 142, but the continued hearing on these Disputed Claims has not yet been scheduled [docket no. 885].

**OBJECTIONS TO DISPUTED CLAIMS TO WHICH THE TRUSTEE RECEIVED A RESPONSE**

9.  <u>Northland Industrial Truck Co</u>. [Claim No. 150]. On February 11, 2019, a notice of transfer was filed with respect to this Disputed Claim [docket no. 525]. It does not appear

4

from undersigned counsel's records that the Omnibus Objection and related notices were served on the listed transferee of this Disputed Claim.

**PROPOSED DISPOSITION:** Reschedule the May 4, 2021 hearing on this Disputed Claim for a period of approximately thirty (30) days (or a date convenient for the Court) and (ii) extend the deadline for the holder of such Disputed Claim to respond to the Claim Objection through and including ten (10) days prior to the newly scheduled hearing date.

10. The Trustee did not receive a response to the objections to Disputed Claims Nos. 3, 14, 27, 51, 57, 90, 91, 117, 129, 133, 145, 163, 171, and 185. These Disputed Claims are listed alphabetically listed on Exhibit 1 to this report together with the basis for the Trustee's objection (identified by an Objection Code) and the proposed allowed amounts and priority of such claims.

**PROPOSED DISPOSTION:** Reduce, disallow, reclassify, or subordinate the Disputed Claims in accordance with the proposed order submitted with this report.

Attached as Exhibit 2 to this report is a proposed form of Order with respect to the Omnibus Objection allowing, reducing, disallowing, reclassifying, or subordinating certain Disputed Claims as set forth in this report.

<div style="margin-left:50%">

Respectfully submitted,

HAROLD B. MURPHY, CHAPTER 7 TRUSTEE,
By his counsel,

*/s/ Christopher M. Condon*
Christopher M. Condon (BBO #652430)
MURPHY & KING, Professional Corporation
One Beacon Street
Boston, Massachusetts  02108
Tel: (617) 423-0400
Email:  ccondon@murphyking.com

</div>

Dated:  April 30, 2021

**CERTIFICATE OF SERVICE**

I, Christopher M. Condon, hereby certify that on April 30, 2021, I caused a copy of the foregoing report and hearing agenda and all exhibits thereto to be filed through the Court's CM/ECF system and served electronically upon all parties entitled to notice thereunder.

                                              */s/ Christopher M. Condon*
                                              Christopher M. Condon

# EXHIBIT 1

| Claim No. | Claimant | Filed Amount of Claim | Filed Priority Amount | Objection Code | Paragraph of Omnibus Objection | Recommended Allowed Priority Claim | Recommended Allowed Unsecured Claim | Recommended Allowed Subordinated Claim |
|---|---|---|---|---|---|---|---|---|
| 133 | ADCCO Incorporated | $ 69,194.50 | | B | 13 | $0.00 | $0.00 | $0.00 |
| 14 | Co-Sales Northern Calif. | $ 25,314.88 | | B | 13 | $0.00 | $0.00 | $0.00 |
| 145 | Customized Energy Solutions | $ 70,097.42 | | B | 13 | $0.00 | $51,278.12 | $0.00 |
| 163 | Dillon Boiler Services Co, Inc. | $ 4,657.00 | | A | 12 | $0.00 | $0.00 | $0.00 |
| 57 | Dynamic Packaging | $ 94,932.41 | | B | 13 | $0.00 | $14,463.00 | $0.00 |
| 117 | Great Northern Insurance, Co. | Unliquidated | | B | 13 | $0.00 | $0.00 | $0.00 |
| 27 | Hockenburg Newburgh Sales and Marketing | $ 8,915.96 | | B | 13 | $0.00 | $4,989.72 | $0.00 |
| 51 | Internal Revenue Service | $ 7,785.71 | $ 2,569.74 | E | 16 | $0.00 | $3,650.25 | $4,135.46 |
| 3 | Mancini Sales & Marketing | $ 45,634.38 | $ 45,634.38 | B,C | 13, 14 | $0.00 | $22,086.82 | $0.00 |
| 91 | Michael J. Kelley | $ 99,411.08 | | D | 14 | $0.00 | $0.00 | $0.00 |
| 129 | Sixto Packaging Managing Agent | $ 92,459.73 | | B | 13 | $0.00 | $76,782.87 | $0.00 |
| 171 | US Department of Labor - OSHA | $ 23,336.00 | $ 23,336.00 | E | 16 | $0.00 | $0.00 | $23,336.00 |
| 185 | US Department of Labor - OSHA | $ 23,336.00 | $ 23,336.00 | A | 12 | $0.00 | $0.00 | $0.00 |

EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEW ENGLAND CONFECTIONERY COMPANY, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11217-MSH |

## ORDER REGARDING OMNIBUS OBJECTION TO CLAIMS

This matter having come before the Court on the *First Omnibus Objection to Claims by Chapter 7 Trustee* [docket no. 854] (the "**Omnibus Objection**")[1] filed by Harold B. Murphy, the Chapter 7 Trustee of New England Confectionery Company, Inc. (the "**Trustee**"); the Trustee having duly served the Omnibus Objection [docket no. 856 857]; the Court having issued a notice of non-evidentiary hearing with respect to the Omnibus Objections [docket no. 858]; due notice of the scheduled hearing on the Omnibus Objection, including the response deadline with respect thereto, having been given by the Trustee [docket no. 862]; one response to the Omnibus Objection having been filed [docket no. 853]; the Trustee having filed a report and hearing agenda pursuant to Massachusetts Local Bankruptcy Rule 3007-1 with respect to the Omnibus Objection; the Court having jurisdiction over the Omnibus Objection pursuant to 11 U.S.C. §1334; the Omnibus Objection being a core matter pursuant to 28 U.S.C. §157(b)(2)(B); and due cause appearing therefore, it is hereby ORDERED that:

- Claim No. 133 of ADDCO INCORPORATED is hereby disallowed and expunged;

---

[1] Capitalized terms not otherwise defined herein, shall have the meanings ascribed to them in the Omnibus Objection.

- Claim No. 14 of Co-Sales Northern Calif. is hereby disallowed and expunged;

- Claim No. 145 of Customized Energy Solutions is hereby allowed as a non-priority unsecured claim in the amount of $51,278.12;

- Claim No. 163 of Dillon Boiler Services Co., Inc. is hereby disallowed and expunged;

- Claim No. 57 of Dynamic Packaging is hereby allowed as a non-priority unsecured claim in the amount of $14,463.00;

- Claim No. 117 of Great Northern Insurance Co. is hereby disallowed and expunged;

- Claim No. 27 of Hockenburg Newburgh Sales and Marking is hereby allowed as a non-priority unsecured claim in the amount of $4,989.72;

- Claim No. 66 of Industrial Silo Source Inc. is hereby allowed as a non-priority unsecured claim in the amount of $29,172.66;

- Claim No. 51 of the Internal Revenue Service is hereby allowed as a non-priority unsecured claim in the amount of $3,650.25 and as a subordinated unsecured claim pursuant to 11 U.S.C. §726(a)(4) in the amount of $4,135.46;

- Claim No. 3 of Mancini Sales & Marketing is hereby allowed as a non-priority unsecured claim in the amount of $22,086.82;

- Claim No. 90 of McIntosh Box & Pallet Co. Inc. is hereby allowed as a non-priority unsecured claim in the amount of $19,243.90;

- Claim No. 164 McIntosh Box & Pallet Co. Inc. is hereby disallowed and expunged;

- Claim No. 91 of Michael J. Kelley [Claim No. 91] is hereby disallowed and expunged;

- Claim No. 129 of Sixto Packaging Managing Agent is hereby allowed a non-priority unsecured claim in the amount of $76,782.87;

- Claim No. 171 of US Department of Labor – OSHA is hereby allowed as a subordinated unsecured claim pursuant to 11 U.S.C. §726(a)(4) in the amount of $23,336.00; and

- Claim No. 185 of US Department of Labor – OSHA is hereby disallowed and expunged.

Dated: _____

                                              Hon. Melvin S. Hoffman
                                              United States Bankruptcy Judge

3