**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND CONFECTIONERY COMPANY, INC.<br><br>　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 18-11217-MSH |

**NOTICE OF PROPOSED ORDER WITH RESPECT TO**
**FIRST OMNIBUS OBJECTION TO CLAIMS BY CHAPTER 7 TRUSTEE**

Harold B. Murphy, the Chapter 7 Trustee of New England Confectionery Company, Inc., hereby submits the proposed order attached as Exhibit 1 with respect to the *First Omnibus Objection to Claims by Chapter 7 Trustee* [docket no. 854]. Attached as Exhibit 2 is a redline comparison of the proposed order to the version of the proposed order attached to the *Report and Hearing Agenda* [docket no. 902].

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　HAROLD B. MURPHY, CHAPTER 7 TRUSTEE,
　　　　　　　　　　　　　　　　　　　　By his counsel,

　　　　　　　　　　　　　　　　　　　　*/s/ Christopher M. Condon*
　　　　　　　　　　　　　　　　　　　　Christopher M. Condon (BBO #652430)
　　　　　　　　　　　　　　　　　　　　MURPHY & KING, Professional Corporation
　　　　　　　　　　　　　　　　　　　　One Beacon Street
　　　　　　　　　　　　　　　　　　　　Boston, Massachusetts  02108
　　　　　　　　　　　　　　　　　　　　Tel: (617) 423-0400
　　　　　　　　　　　　　　　　　　　　Email:  ccondon@murphyking.com

Dated:  May 4, 2021

**EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEW ENGLAND CONFECTIONERY COMPANY, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11217-MSH |

### ORDER REGARDING OMNIBUS OBJECTION TO CLAIMS

This matter having come before the Court on the *First Omnibus Objection to Claims by Chapter 7 Trustee* [docket no. 854] (the "**Omnibus Objection**")[1] filed by Harold B. Murphy, the Chapter 7 Trustee of New England Confectionery Company, Inc. (the "**Trustee**"); the Trustee having duly served the Omnibus Objection [docket no. 856, 857]; the Court having issued a notice of non-evidentiary hearing with respect to the Omnibus Objection [docket no. 858]; due notice of the scheduled hearing on the Omnibus Objection, including the response deadline with respect thereto, having been given by the Trustee [docket no. 862]; one response to the Omnibus Objection having been filed [docket no. 853]; the Trustee having filed a report and hearing agenda pursuant to Massachusetts Local Bankruptcy Rule 3007-1 with respect to the Omnibus Objection; the Court having jurisdiction over the Omnibus Objection pursuant to 11 U.S.C. §1334; the Omnibus Objection being a core matter pursuant to 28 U.S.C. §157(b)(2)(B); and due cause appearing therefor, it is hereby ORDERED that:

- Claim No. 133 of ADDCO INCORPORATED is hereby disallowed and expunged;

---

[1] Capitalized terms not otherwise defined herein, shall have the meanings ascribed to them in the Omnibus Objection.

- Claim No. 14 of Co-Sales Northern Calif. is hereby disallowed and expunged;

- Claim No. 145 of Customized Energy Solutions is hereby allowed as a non-priority unsecured claim in the amount of $51,278.12;

- Claim No. 163 of Dillon Boiler Services Co., Inc. is hereby disallowed and expunged;

- Claim No. 57 of Dynamic Packaging is hereby allowed as a non-priority unsecured claim in the amount of $14,463.00;

- Claim No. 117 of Great Northern Insurance Co. is hereby disallowed and expunged;

- Claim No. 27 of Hockenburg Newburgh Sales and Marking is hereby allowed as a non-priority unsecured claim in the amount of $4,989.72;

- Claim No. 66 of Industrial Silo Source Inc. is hereby allowed as a non-priority unsecured claim in the amount of $29,172.66;

- Claim No. 3 of Mancini Sales & Marketing is hereby allowed as a non-priority unsecured claim in the amount of $22,086.82;

- Claim No. 90 of McIntosh Box & Pallet Co. Inc. is hereby allowed as a non-priority unsecured claim in the amount of $19,243.90;

- Claim No. 164 McIntosh Box & Pallet Co. Inc. is hereby disallowed and expunged;

- Claim No. 91 of Michael J. Kelley [Claim No. 91] is hereby disallowed and expunged; and

- Claim No. 129 of Sixto Packaging Managing Agent is hereby allowed a non-priority unsecured claim in the amount of $76,782.87.

Dated: May ____, 2021

_____
Hon. Melvin S. Hoffman
United States Bankruptcy Judge

**EXHIBIT 2**

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF MASSACHUSETTS

# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEW ENGLAND CONFECTIONERY COMPANY, INC.<br><br>                                      Debtor. | Chapter 7<br><br>Case No. 18-11217-MSH |

### ORDER REGARDING OMNIBUS OBJECTION TO CLAIMS

This matter having come before the Court on the *First Omnibus Objection to Claims by Chapter 7 Trustee* [docket no. 854] (the "**Omnibus Objection**")[1] filed by Harold B. Murphy, the Chapter 7 Trustee of New England Confectionery Company, Inc. (the "**Trustee**"); the Trustee having duly served the Omnibus Objection [docket no. ~~856~~856, 857]; the Court having issued a notice of non-evidentiary hearing with respect to the Omnibus ~~Objections~~Objection [docket no. 858]; due notice of the scheduled hearing on the Omnibus Objection, including the response deadline with respect thereto, having been given by the Trustee [docket no. 862]; one response to the Omnibus Objection having been filed [docket no. 853]; the Trustee having filed a report and hearing agenda pursuant to Massachusetts Local Bankruptcy Rule 3007-1 with respect to the Omnibus Objection; the Court having jurisdiction over the Omnibus Objection pursuant to 11 U.S.C. §1334; the Omnibus Objection being a core matter pursuant to 28 U.S.C. §157(b)(2)(B); and due cause appearing ~~therefore~~therefor, it is hereby ORDERED that:

---

[1] Capitalized terms not otherwise defined herein, shall have the meanings ascribed to them in the Omnibus Objection.

- Claim No. 133 of ADDCO INCORPORATED is hereby disallowed and expunged;

- Claim No. 14 of Co-Sales Northern Calif. is hereby disallowed and expunged;

- Claim No. 145 of Customized Energy Solutions is hereby allowed as a non-priority unsecured claim in the amount of $51,278.12;

- Claim No. 163 of Dillon Boiler Services Co., Inc. is hereby disallowed and expunged;

- Claim No. 57 of Dynamic Packaging is hereby allowed as a non-priority unsecured claim in the amount of $14,463.00;

- Claim No. 117 of Great Northern Insurance Co. is hereby disallowed and expunged;

- Claim No. 27 of Hockenburg Newburgh Sales and Marking is hereby allowed as a non-priority unsecured claim in the amount of $4,989.72;

- Claim No. 66 of Industrial Silo Source Inc. is hereby allowed as a non-priority unsecured claim in the amount of $29,172.66;

- ~~Claim No. 51 of the Internal Revenue Service is hereby allowed as a non-priority unsecured claim in the amount of $3,650.25 and as a subordinated unsecured claim pursuant to 11 U.S.C. §726(a)(4) in the amount of $4,135.46;~~

- Claim No. 3 of Mancini Sales & Marketing is hereby allowed as a non-priority unsecured claim in the amount of $22,086.82;

- Claim No. 90 of McIntosh Box & Pallet Co. Inc. is hereby allowed as a non-priority unsecured claim in the amount of $19,243.90;

- Claim No. 164 McIntosh Box & Pallet Co. Inc. is hereby disallowed and expunged;

- Claim No. 91 of Michael J. Kelley [Claim No. 91] is hereby disallowed and expunged; and

- Claim No. 129 of Sixto Packaging Managing Agent is hereby allowed a non-priority unsecured claim in the amount of $~~76,782.87;~~76,782.87.

- ~~Claim No. 171 of US Department of Labor – OSHA is hereby allowed as a subordinated unsecured claim pursuant to 11 U.S.C. §726(a)(4) in the amount of $23,336.00; and~~

2

☐ ~~Claim No. 185 of US Department of Labor – OSHA is hereby disallowed and expunged.~~

Dated: May____, 2021

                                                                                                                                           _____
Hon. Melvin S. Hoffman
United States Bankruptcy Judge