**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>NEW ENGLAND CONFECTIONERY COMPANY, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11217-JEB |

### ASSENTED TO MOTION BY CHAPTER 7 TRUSTEE TO ALLOW CLAIM

Harold B. Murphy, the Chapter 7 trustee (the "**Trustee**") of New England Confectionery Company, Inc. ("**NECCO**" or the "**Debtor**") hereby requests, with the assent of Carlin O'Brien, Inc. ("**Carlin**"), that the Court enter an order allowing the claim filed by Carlin against the Debtor's estate [Claim No. 180-1] (the "**Carlin Claim**") as a non-priority unsecured claim in the amount of $211,000. In further support of this motion, the Trustee states as follows:

#### JURISDICTION

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408.

#### BACKGROUND

2.  NECCO was a multi-line confectioner that manufactured and distributed a variety of iconic sugar and chocolate candy varieties including, without limitation, "NECCO Wafers," and "Sweethearts," "Havilland Mints," "Clark Bar," and "Sky Bar."

3.  Carlin acted as a third-party broker marketing and selling the Debtor's products through its sales network.

4.  On April 3, 2018 (the "**Petition Date**") an involuntary petition for relief was filed

1

against the Debtor pursuant to Title 11 of the United States Code initiating case number 18-11217-MSH.

5. On April 20, 2018, the Trustee was appointed Chapter 11 Trustee of the Debtor's estate [docket nos. 69, 71]. Among other things during his administration of the Debtor's estate, on May 31, 2018, the Trustee closed on a sale of the substantially all of the Debtor's assets and the purchaser paid to the Trustee $12,430,386.

6. On August 31, 2018, the Chapter 11 Trustee commenced two actions against NECCO's lender and owner, ACAS, LLC ("**ACAS**"), and certain related entities and individuals captioned as *Murphy v. ACAS, LLC, et al.*, Adv. Proc. No. 18-01140 and *Murphy v. ACAS, LLC, et al.*, Adv. Proc. No. 19-01011, respectively challenging ACAS's liens and claims and seeking affirmative recoveries (the "**ACAS Adversaries**").[1]

7. On February 23, 2021 and after substantial litigation and mediation in the ACAS Adversaries, the Court entered an order approving a global resolution of the ACAS Adversaries [docket no. 840] (the "**ACAS Settlement**") pursuant to which and among other things:

- The remaining proceeds of the sale and liquidation of the Debtor's assets were divided, with $7,400,000 released to the estate and approximately $2,050,000 paid to ACAS;

- ACAS released all of its asserted liens against the Debtor's assets and ACAS and all of the defendants in the Adversary Proceedings agreed to release their asserted secured and unsecured claims against the bankruptcy estate; and

- The Pension Benefit Guaranty Corporation (the "**PBGC**") withdrew its priority and unsecured claims against the bankruptcy estate.

8. The ACAS Settlement was consummated and on March 25, 2021, the Chapter 7 Trustee paid the settlement payment to ACAS, and the PBGC withdrew its claims against the

---

[1] Upon motion by the Chapter 11 Trustee, the Chapter 11 case was converted to a case under Chapter 7 and the Trustee was appointed Chapter 7 Trustee.

2

estate.

9. On May 4, 2021, the Court entered an order approving the Trustee's motion to pay the allowed administrative and priority claims and to make an interim distribution to holders of allowed unsecured, non-priority claims equal to thirty nine percent (39%) of such allowed claims [docket no. 864].

### REQUEST TO ALLOW CLAIM IN REDUCED AMOUNT

10. Carlin has filed the Carlin Claim asserting a general unsecured claim against the estate in the amount of $236,531.52 on account of third-party broker services provided to the Debtor prior to the commencement of this case.

11. The Trustee disputes portions of the Carlin Claim on account of, among other things, discrepancies between the Carlin Claim and the Debtor's books and records. On March 19, 2021, the Trustee filed the First Omnibus Objections to Claims objecting to the Carlin Claim, among 20 others, on the grounds that the claim was in an amount different from the Debtor's books and records and does not contain sufficient information to establish the amount of the claim [docket no. 854] (the "**Omnibus Objection**").

12. Carlin disputes the Trustee's allegations in the Omnibus Objection with respect to the Carlin Claim and asserts that the claim should be allowed in its filed amount.

13. The Court has twice continued the hearing on the objection to the Carlin Claim in the Omnibus Objection to permit the Trustee and Carlin to explore mutual resolution of their differences.

14. In response to the Omnibus Objection, Carlin has provided the Trustee with additional information in support of the Carlin Claim and the parties have engaged in multiple discussions.

15. Based upon, among other things, review of documents provided, further review of the Debtor's books and records, and multiple discussions and negotiations with the Carlin regarding the foregoing, the Trustee proposes, with the assent of Carlin, to allow the Carlin Claim as a non-priority unsecured claim in the reduced amount of $211,000.

16. The agreed upon reduction of the Carlin Claim is reasonable based upon the competing claims of the parties and benefits the Debtor's estate and its other creditors. Approval of this motion allows the Trustee to resolve the objection to the Carlin Claim without further expense and delay, conserving resources of the estate and the Court.

17. Counsel to Carlin has reviewed this motion and assented to the relief requested therein.

## NOTICE

18. The Trustee will serve this motion and any notice of hearing and/or response deadline upon the Debtor's 20 largest unsecured creditors, all relevant taxing authorities, the Office of the United States Trustee, and all parties appearing and requesting notice in this case. The Trustee asserts that such notice is adequate and appropriate.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, based upon the foregoing, the Trustee requests that the Court enter an order substantially in the form attached hereto:

    a.    Allowing the claim of Carlin O'Brien, Inc. [Claim No. 180] as a non-priority unsecured claim in the amount of $211,000; and

    b.    Providing the Trustee with such other and further relief as is just and proper.

Respectfully submitted,

HAROLD B. MURPHY, CHAPTER 7 TRUSTEE,
By his counsel,

*/s/ Christopher M. Condon*
Christopher M. Condon (BBO #652430)
MURPHY & KING, Professional Corporation
One Beacon Street
Boston, Massachusetts  02108
Tel: (617) 423-0400
Email:  ccondon@murphyking.com

Dated: June 9, 2021

Assented to:

CARLIN O'BRIEN, INC.,
By Its counsel,

*/s/ Christopher M. Candon**
Christopher M. Candon (BBO #650855)
Sheehan Phinney Bass & Green
1000 Elm Street, 17th Floor
Manchester, New Hampshire
Tel: (603) 627-8168
Email:  ccandon@sheehan.com

Dated: June 9, 2021

*Signed with permission pursuant to MLBR Appendix 8, Rule 8.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEW ENGLAND CONFECTIONERY COMPANY, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11217-JEB |

## ORDER GRANTED ASSENTED TO MOTION TO ALLOW CLAIM

This matter having come before the Court on the *Assented to Motion by Chapter 7 Trustee to Allow Claim* (the "**Motion**") filed by Harold B. Murphy, the Chapter 7 trustee of New England Confectionery Company, Inc. (the "**Debtor**"); Carlin O'Brien, Inc. having assented to the Motion; the Court having jurisdiction over the Motion pursuant to 11 U.S.C. §1334; the Motion being a core matter pursuant to 28 U.S.C. §157(b)(2)(B); after due deliberation on the Motion; this Court having determined that the relief requested in the Motion is the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and due cause appearing therefor, it is hereby **ORDERED** that:

Claim No. 180-1 of Carlin O'Brien, Inc. is hereby allowed as a non-priority unsecured claim in the amount of $211,000.

Dated: _____, 2021           _____
                                               Hon. Janet E. Bostwick
                                               United States Bankruptcy Judge

1

## CERTIFICATE OF SERVICE

I, Christopher M. Condon, hereby certify that on June 9, 2021, I caused a copy of the foregoing motion to be filed through CM/ECF system and served electronically upon all parties entitled to notice thereunder.

/s/ Christopher M. Condon<br>Christopher M. Condon